Filed 7/11/13  P. v. Hamblin CA3

**<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Calaveras)

----

| | |
|---|---|
| THE PEOPLE, | C071456 |
| Plaintiff and Respondent, | (Super. Ct. No. F4514) |
| v. | |
| STEPHEN CHRISTOPHER HAMBLIN, | |
| Defendant and Appellant. | |

This appeal raises two administrative/clerical issues on which the parties largely agree.

In early 2010, pursuant to a plea bargain, defendant Stephen Christopher Hamblin admitted several counts of child molestation involving two victims and was sentenced to a state prison term of 16 years four months.

Near the end of 2010, in a prior appeal in this matter, we reversed this judgment and remanded to determine whether any of the charges to which defendant pleaded guilty

1

were time-barred; if so, defendant could withdraw his plea.  We issued our remittitur on March 3, 2011.  (*People v. Hamblin* (Dec. 29, 2010, C064030) [nonpub. opn.].)[1]

On remand, the parties agreed that defendant would not withdraw his plea and he would receive a prison term of 14 years.  Defendant was resentenced accordingly on June 18, 2012; the trial court awarded defendant, among other credits, 889 days of actual time credit in prison (from the original sentence date of January 11, 2010, through the date of this resentence), and specified that the Department of Corrections and Rehabilitation would determine the conduct credits for these 889 days.

Now, on appeal again, defendant contends, and the People agree, (1) the abstract of judgment must be corrected to reflect the agreed resentence term of 14 years, and (2) the trial court erred in failing to determine defendant's presentence custody conduct credit for "phase III" time, measured from the date of our reversal remittitur to the date of resentencing.

## DISCUSSION

### I.  Abstract of Judgment

The abstract of judgment incorrectly reflects the original sentence of 16 years four months rather than the 14-year term agreed to on remand.[2]  We will order the abstract corrected.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

---

[1] Pursuant to defendant's request for judicial notice, we have incorporated herein the file in defendant's prior appeal, case No. C064030.

[2] Under the resentencing scheme, count 12 is the principal term with a midterm sentence of two years (rather than three years); counts 3 and 4 are concurrent eight-month sentences (rather than consecutive); and all other counts are as previously sentenced, for an aggregate prison term of 14 years (a 28-month reduction to the original aggregate sentence of 16 years, four months).

2

## II. Phase III Presentence Custody Conduct Credits

Defendant contends the trial court should have awarded him presentence custody conduct credits under Penal Code section 4019[3] for the 474 actual days he spent in custody from the date of our reversal remittitur in case No. C064030 (Mar. 3, 2011) to the date he was resentenced (June 18, 2012). The People agree. So do we.

"Where a defendant has served any portion of his sentence under a commitment based upon a judgment which judgment is subsequently declared invalid . . . , such time shall be credited upon any subsequent sentence he may receive upon a new commitment for the same criminal act or acts." (§ 2900.1.)

In this connection, our state Supreme Court has identified four "phases" of custody: I—initial arrest to initial sentencing; II—initial sentencing to reversal remittitur; III—reversal remittitur to resentencing; and IV—after resentencing. (*In re Martinez* (2003) 30 Cal.4th 29, 32 (*Martinez*).)

A defendant who obtains a reversal on appeal, like defendant here, is entitled to accrue conduct credits as a presentence inmate for phases I and III. (*People v. Donan* (2004) 117 Cal.App.4th 784, 792 (*Donan*); see *Martinez*, *supra*, 30 Cal.4th at p. 32.)

Here, the trial court has already properly calculated defendant's phase I time at 312 actual days (plus 156 days of good time/work time conduct credits under section 4019).

Defendant's conduct credits for his phase II time of 415 days are to be determined by the Department of Corrections and Rehabilitation. (*Donan*, *supra*, 117 Cal.App.4th at p. 792.)

---

[3] Undesignated statutory references are to the Penal Code.

3

We must remand this matter for the trial court to determine the conduct credits under section 4019 for defendant's phase III time of 474 actual days. (See *Donan*, *supra*, 117 Cal.App.4th at pp. 789-790, 792 [trial court determines custody conduct credits under section 4019 for phases I and III, and Department of Corrections and Rehabilitation determines custody conduct credits for phase II time].)

## DISPOSITION

This matter is remanded for the trial court to determine the conduct credits under section 4019 applicable to defendant's phase III time of 474 actual days. The trial court is directed to prepare an amended abstract of judgment reflecting: the corrected aggregate sentence of 14 years, as specified herein; the phase I time of 312 actual days plus 156 days of conduct credit; the phase II time of 415 actual days; and the phase III time of 474 actual days plus the conduct credit determination as to those 474 days. The trial court is to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

                              BUTZ              , J.

We concur:

          RAYE            , P. J.

          HULL            , J.

4